## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### (Camden Vicinage)

| | |
|---|---|
| David Stetser<br>1395 Tristram Circle<br>Mantua, NJ 08051<br>　　　　　　　　Plaintiff,<br>　　v.<br><br>Sherry Jinks,<br>Individ. & in her official capacity as a<br>Police Officer in the Gloucester Township<br>Police Department<br>1261 Chews Landing Road<br>Laurel Springs, NJ 08021<br><br>And<br><br>Gloucester Township<br>1261 Chews Landing Road<br>Laurel Springs, NJ 08021<br><br>And<br><br>Gloucester Township Police Department<br>1261 Chews Landing Road<br>Laurel Springs, NJ 08021<br><br>　　And<br><br>W. Harry Earl,<br>Chief of Police of Gloucester Township<br>Police Department, Individually and in<br>His official capacity as Chief of Police<br>Of Gloucester Township Police Department<br>1261 Chews Landing Road<br>Laurel Springs, NJ 08021<br><br>　　And<br><br>Camden County<br>520 Market St.<br>Camden, NJ 08102<br><br>John Does 1-10<br>　　　　　　　　Defendants. | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br><br><br><br><br>JURY OF TWELVE (12) JURORS DEMANDED |

# CIVIL ACTION COMPLAINT

**I.      Preliminary Statement**

1.      This is an action for an award of attorney's fees and costs, compensatory, statutory, and punitive damages, also seeking equitable, injunctive and other relief, for Defendants' Civil Rights violations arising from Plaintiff's wrongful arrest, malicious prosecution and ongoing harassment based on a personal animus.

2.      Individually, jointly or severally, Defendants are liable to Plaintiff for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are averred upon information and belief, or will become known in discovery or at trial.

3.      Plaintiff reserves the right to rely on the "Discovery Rule" and the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

4.      Plaintiff, David Stetser ("Plaintiff"), was wrongfully arrested and maliciously prosecuted by Defendants.  The wrongful arrest, incarceration and malicious prosecution was the direct result of the pervasive, intentional, and systematic misconduct of the individual defendants (including John Does) and the failure of Defendants, County, Gloucester Township and Gloucester Township Police Department, to properly train, supervise, and discipline the individual defendant and other John Doe officers regarding their constitutional duty to refrain wrongful arrests and violating citizens' Constitutional rights.

**II.      Jurisdiction and Venue**

5.      Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6.       Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, is incorporated or does business here, or the subject of this action is situated within this district.

       **III.**       **Parties**

7.       Plaintiff, David Stetser, is an adult individual and citizen currently residing at the above-captioned address.

8.       Defendant, Sherry Jinks ("Jinks"), was at all times material an officer with the Defendant, Gloucester Township Police Department ("GTPD"), and was responsible for the wrongful arrest, detention and malicious prosecution relevant to this matter, and she was operating in her official capacity as an employee, worker, or agent of co-Defendants (see below) at the above-captioned address, and she is being sued individually and in her official capacity, having acted under color of state law.

9.       Defendant, Gloucester Township ("Township"), is a municipality, registered to transact business in the State of New Jersey, with agents authorized to receive service of process at the above-listed address, and owns, operates, manages, directs and controls Defendant, Police Department, which employ Defendant, Jinks.

10.       Defendant, GTPD, is a municipal entity with agents authorized to receive service of process at the above-listed address.

11.       Defendant, W. Harry Earl, Chief of Police of Gloucester Township Police Department ("Chief"), was at all times material the Chief of the Police Department, and at all times relevant hereto, was the primary legal official responsible for any policy and other decisions governing actions of the police officers in this case, and he is being sued individually and in his official capacity, having acted under color of state law.

12.     Defendant, Camden County ("County"), a municipality registered to transact business in the State of New Jersey, with agents authorized to receive service and process at the above-captioned address and owns, operates, manages, directs and controls Defendants, GTPD and Township, which employ Defendant, Jinks.

13.     Defendant, John Does 1-10, is a moniker for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every Count and averment listed above and below.

    **IV.     Operative Facts**

        **A.     Background**

14.     On or about February 18, 1994, Plaintiff and non-party, Jacqueline Stetser ("Ms. Stetser") were married.

15.     Plaintiff and Ms. Stetser were divorced by Final Judgment of Divorce on October 3, 2007.

16.     Two children were born of the marriage, John D. Stetser (3/3/98) and Ryan Stetser (12/11/06).

17.     On April 24, 2008 a Temporary Restraining Order ("TRO") under docket FV-04-002484-08B was filed by Ms. Stetser against Plaintiff.

18.     On or about April 4, 2008, Ms. Stetser made a domestic violence complaint.

19.     The TRO and domestic violence complaint alleged that on February 23, 2008, while the parties met at their oldest son's school in order to retrieve his chess set from Ms. Stetser, Plaintiff slammed his car passenger side car door against Ms. Stetser's back in the presence of John Stetser.

20. On April 28, 2008, a Final Restraining Order was entered against Plaintiff despite Plaintiff's adamant denials that the allegations set forth in the aforementioned TRO were completely false.

21. On or about June 5, 2009 a final restraining order was entered against Plaintiff in the matter. (Exh. A.)

22. On or about September 9, 2009, Ms. Stetser made a complaint that Plaintiff had violated the final retraining order.

23. Ms. Stetser made the complaint to Defendant Jinks.

24. Upon information and belief, Ms. Stetser and Defendant Jinks had a prior social relationship, were friends and knew each other since high school.

25. Without any investigation, Defendant Jinks certified and issued a criminal complaint/warrant for Plaintiff's arrest. (Exh. C).

26. Defendant, Jinks, certified that Plaintiff violated the aforementioned final restraining order by contacting Ms. Stetser and sending a "text picture of a woman performing fellatio on a male to her cell phone, harassing her and causing her annoyance and alarm."

27. The statements contained in the foregoing certification of Defendant, Jinks, are completely false.

28. Defendant, Jinks, made the false statements intentionally or with a reckless disregard for the rights of the Plaintiff.

29. Defendant, Jinks, failed to actually perform any investigation into whether Plaintiff actually committed a crime, as set forth in her certification.

30. As a result of the false certification, Plaintiff was arrested by GTPD and jailed for approximately six (6) hours, until Plaintiff posted bail and was released.

31. Finally, on or about May 9, 2010, Plaintiff was found innocent of all charges after he affirmatively proved, using cell phone records from Verizon, that Plaintiff had never sent Ms. Stetser any pornography or other obscene materials, and in fact had been fully compliant with the final restraining order. In fact, there were facts and testimony at the Plaintiff's trial that showed Ms. Stetser was actually the harasser in this case.

32. Defendants', Jinks, GTPD and Township, actions of harassment and interference detrimentally affected Plaintiff's parental rights as he was not able to visit his sons while the case was pending against him for nearly fifteen (15) months.

33. The conduct of the Defendants, GTPD and Township, was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.

Damages

34. The actions of Defendants deprived plaintiff of his rights, *inter alia*, guaranteed under the First, Fourth, and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§1983; and the laws of the State of New Jersey.

V.    **Causes of Action**

**COUNT I**
**CIVIL RIGHTS VIOLATION- IV and XIV Amendments**
*Plaintiff v. Jinks, in her official capacities*

35. Plaintiff incorporates paragraphs 1-34 as if fully set forth at length herein.

36. At the time of Defendants' certification, Plaintiff had not committed any infraction.

37. Defendant's actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights.

38. Defendant caused Plaintiff to suffer an interference with his parental rights, violations of Plaintiff's rights to be free from unlawful arrest, by her wrongful conduct in subjecting Plaintiff to false arrest, and incarceration all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and state constitutional corollaries.

39. Defendant acted maliciously due to a personal animus against Plaintiff.

40. Defendant did not have probable nor any cause to arrest Plaintiff.

### COUNT II
### CIVIL RIGHTS VIOLATION-*MONELL*
*Plaintiffs v. Chief, GTPD, Township and County, in their official capacity*

41. Plaintiff incorporates paragraphs 1-38 above as if fully set forth at length herein.

42. Prior to the events described herein, Defendants, GTPD and Township, developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within the geographic and jurisdictional limits of, which caused violations of Plaintiff's constitutional and other rights.

43. Specifically, Defendant failed to adequately and properly supervise and train in various aspects of law enforcement, criminal prosecution procedure and substance, including, but not limited to, the nature and existence of lawful cause, and the laws of the United States, State of New Jersey, and otherwise.

44. The actions and conduct of Defendant, Jinks, was caused by the failure of the Defendants, with deliberate indifference, to properly train, control or supervise Jinks with respect to her investigative power in accordance with the United States and New Jersey Constitutions.

45.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of those within Gloucester Township, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

## COUNT III
*State Law Claim – False Arrest/Imprisonment*
*Plaintiff v. Jinks*

46.     Plaintiff incorporates paragraphs 1-45 above as if fully set forth at length herein.

47.     The aforementioned actions of Defendant directly resulted in Plaintiff's arrest and incarceration without probable cause.

48.     Defendant's actions were willful.

49.     Defendant's actions constitute the state claims for false arrest and false imprisonment.

## COUNT IV
*State Constitution Claim*
*Plaintiff v. Defendants*

50.     Plaintiff incorporates paragraphs 1-49 above as if fully set forth at length herein.

51.     Defendants, both in their official and individual capacities, conspired with one another, individually and under the color of law, to deprive Plaintiff of his civil rights guaranteed by the New Jersey Constitution.

52.     The above acts were committed by persons and/or entities acting under color of law and authority and violated clearly established constitutional and statutory rights of Plaintiff which a reasonable person would have known.

53.     The actions of the Defendants were committed and constituted a crime, actual fraud, actual malice and/or willful misconduct.

54.     As a direct and proximate cause of the above mentioned conduct of Defendants, Plaintiff has been damaged.

VI. **Prayer for Relief**

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of $1,000,000.00 ($1 Million), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Injunctive relief including but not limited to monitoring and education;
   b. Statutory damages;
   c. Compensatory damages, including; and
      i. Actual damages for financial injury (including but not limited to wage loss and loss of earning capacity, and attorneys fees related to the criminal action appeal) and emotional distress;
      ii. Attorneys fees and expenses, and costs of suit; and
   d. Punitive damages.

>                    WEISBERG LAW, P.C.
>
>                    /s/ Matthew B. Weisberg, Esquire
>                    MATTHEW B. WEISBERG, ESQUIRE
>                    Attorney for Plaintiff