IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY

| | |
|---|---|
| DAVID STETSER | :No: 10-03094 |
| | : |
| v. | |
| | |
| SHERRY JINKS, Ind. and in her official capacity as a Police Officer for the Gloucester Township Police Department, GLOUCESTER TOWNSHIP POLICE DEPARTMENT, GLOUCESTER TOWNSHIP, W. HARRY EARL, Chief of Police of Gloucester Township, Ind. and in his capacity as Chief of Police of Gloucester Township and CAMDEN COUNTY JOHN DOES 1-10 | :**ANSWER WITH AFFIRMATIVE** :**DEFENSES OF DEFENDANTS,** :**SHERRY JINKS, GLOUCESTER** :**TOWNSHIP POLICE DEPARTMENT,** :**GLOUCESTER TOWNSHIP AND W.** :**HARRY EARL TO PLAINTIFF'S** :**COMPLAINT** : : : : : : |

Defendants, Sherry Jinks, Gloucester Township Police Department, Gloucester Township and W. Harry Earl (hereinafter Answering Defendants) by and through their attorney, Paola Tripodi Kaczynski, Esquire hereby respond to Plaintiff's Complaint as follows:

**I.      PRELIMINARY STATEMENT**

1.      Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied, strict proof is demanded.

2.      Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.

3.      Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.

4. Denied. It is specifically denied, and strict proof is demanded, that Plaintiff David Stetser was wrongfully arrested and/or was maliciously prosecuted by any of the Answering Defendants. It is further denied that there was any pervasive, intentional and/or systemic misconduct on the part of any of the Answering Defendants or that Defendants, Gloucester Township and Gloucester Township Police Department failed to properly train, supervise, or discipline the individual Defendants or any other officers.

## II.  JURISDICTION

5. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

6. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

## III.  PARTIES

7. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The allegations are therefore denied, and strict proof is demanded.

8. Admitted in part and denied in part. It is admitted only that Defendant Sherry Jinks was at all relevant times, a Police Officer with Defendant Gloucester Township Police Department and was acting in her official capacity. It is specifically denied, and strict proof is demanded, that Defendant Jinks was responsible for any wrongful arrest, detention or malicious prosecution of the Plaintiff. The remainder of the allegations contained in this paragraph constitute conclusions of law to which no

response is required.

9. Denied as stated. It is admitted only that Defendant Gloucester Township is a municipality organized under the laws of the State of New Jersey and that it employed Defendant Jinks. Defendant Gloucester Township Police Department is an agency of Gloucester Township.

10. Denied. It is denied that Defendant Gloucester Township Police Department is a "person" within the meaning of the any of the statutes by under which Plaintiff raises his causes of action. By way of further Answer, the Gloucester Township Police Department is an agency of Defendant Gloucester Township.

11. Admitted in part and denied in part. It is admitted only that Defendant, W. Harry Earl has been the Chief of Police of Gloucester Township since February 25, 2010. The remainder of the allegations in this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

12. The allegations contained in this paragraph relate to a Defendant other than Answering Defendants, therefore no response is required.

13. The allegations contained in this paragraph relate to a Defendant other than Answering Defendants, therefore no response is required.

**IV.  OPERATIVE FACTS**

14. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The allegations are therefore denied and strict proof is demanded.

15. Denied. After reasonable investigation, Answering Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The allegations are therefore denied and strict proof is demanded.

16. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The allegations are therefore denied and strict proof is demanded.

17. Denied as stated. Upon information and belief, a Temporary Restraining Order under docket number: FV-04-002484-08B was filed by Mrs. Stetser against Plaintiff on April 4, 2008.

18. Admitted, upon information and belief.

19. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The allegations are therefore denied, and strict proof is demanded.

20. Denied as stated. It is admitted only that, upon information and belief, a final Restraining Order was entered on April 28, 2008 against Plaintiff. With respect to the remaining allegations contained in this paragraph, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. The allegations are therefore denied, and strict proof is demanded.

21. Denied as stated. By way of further Answering, upon information and

belief, on June 5, 2009, an amended final Restraining Order was entered against Plaintiff. The document attached to Plaintiff's Complaint as Exhibit "A," is not the amended final Restraining Order in question.

22.     Denied as stated.  It is admitted only that on or about August 21, 2008, not September 9, 2009, Mrs. Stetser made a complaint that Plaintiff had violated the final Restraining Order dated April 28, 2008.

23.     Denied as stated.  It is admitted only that Mrs. Stetser made the complaint in question to Defendant Jinks on August 21, 2008, not on September 9, 2009.

24.     Denied as stated.  It is admitted only that Defendant Jinks coached in Mrs. Stetser in cheerleading for one year when Mrs. Stetser was 8 or 9 years old.  They had not seen each other since then and had no other social relationship.

25.     Denied as stated.  It is admitted only that Defendant Jinks issued a Criminal Complaint for Plaintiff's arrest based upon a written statement given to her by Mrs. Stetser on August 21, 2008.  It is denied that any further investigation was needed.

26.     Denied as stated.  By way of further Answer, Mrs. Stetser herself signed a statement in the presence of Officer Jinks attesting to the fact that she received a picture message from the Plaintiff on her cell phone that depicted an older woman performing fellatio on a male.

27.     Denied.  After reasonable investigation, Answering Defendants are without any knowledge or information which would cause them to doubt the truth of the statements made by Mrs. Stetser.  The allegations contained in this paragraph are therefore denied, and strict proof is demanded.

28.     Denied.  It is specifically denied, and strict proof is demanded that

Defendant Jinks made any intentional false statements or made any statements with reckless disregard for the rights of the Plaintiff.

29. Denied. It is denied that Defendant Jinks failed to perform any investigation as to whether Plaintiff actually committed a crime. By way of further Answer, Defendant Jinks obtained a signed statement from Mrs. Stetser and was shown the offending picture.

30. Denied as stated. It is specifically denied, and strict proof is demanded, that Defendant Jinks made any false certifications concerning the criminal charges against the Plaintiff. In addition, upon information and belief, Plaintiff was arrested after turning himself in to Gloucester Township police on a warrant associated with the criminal charges. Answering Defendants are without knowledge or information as to whether or not Plaintiff was held for six hours.

31. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. The allegations are therefore denied, and strict proof is demanded.

32. Denied. It is specifically denied, and strict proof demanded, that any of the Answering Defendants harassed Plaintiff and/or interfered with Plaintiff's parental rights. By way of further Answer, the final Restraining Order dated April 28, 2008 granted temporary custody of the minor children to Mrs. Stetser and precluded Plaintiff from visitation until further Order of the Court. A subsequent amended final Restraining Order dated June 5, 2009 contained the same provisions.

6

33. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied, and strict proof is demanded.

34. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied, and strict proof is demanded.

### ANSWER TO "COUNT I"

35. Paragraphs 1-34 of Answering Defendants' Answer are incorporated by reference as though fully set forth at length herein.

36. Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to whether or not Plaintiff had committed any infraction at the time of the filing of the criminal charges.  These allegations are therefore denied, and strict proof is demanded.

37. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.

38. Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied, and strict proof is demanded.

39. Denied.  It is specifically denied, and strict proof is demanded, that any of the Answering Defendants acted maliciously or that they had personal animus against Plaintiff.

40. Denied.  It is specifically denied, and strict proof is demanded, that any of

the Answering Defendants lacked probable cause to arrest the Plaintiff.  To the extent that these allegations are deemed conclusions of law, no response is required.

### ANSWER TO "COUNT II"

41.     Paragraphs 1-40 of Answering Defendant's Answer are incorporated by reference as though fully set forth at length herein.

42.     Denied.  It is specifically denied, and strict proof is demanded, that Answering Defendants Gloucester Township and Gloucester Township Police Department developed or maintained any policies, practices or customs exhibiting deliberate indifference to the constitutional rights of persons.  It is further denied that any policies, practices or customs of any of the Answering Defendants caused any violation of Plaintiff's constitutional or other rights.

43.     Denied.  It is specifically denied, and strict proof is demanded, that any of the Answering Defendants failed to adequately or properly supervise or train any police officers associated with this matter.  To the extent that these allegations are deemed conclusions of law, no response is required.

44.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied and strict proof is demanded.

45.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.  To the extent that these allegations are not deemed conclusions of law, they are specifically denied and strict proof is demanded.

### "ANSWER TO COUNT III"

46. Paragraphs 1-45 of Answering Defendant's Answer are incorporated by reference as though fully set forth at length herein.

47. Denied. It is specifically denied, and strict proof demanded, that Defendant Jinks caused Plaintiff's arrest and/or incarceration without probable cause.

48. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. They are therefore denied. To the extent that these allegations are not deemed conclusions of law, they are specifically denied and strict proof is demanded.

49. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. They are therefore denied. To the extent that these allegations are not deemed conclusions of law, they are specifically denied and strict proof is demanded.

### ANSWER TO "COUNT IV"

50. Paragraphs 1-45 of Answering Defendant's Answer are incorporated by reference as though fully set forth at length herein.

51. Denied. It is specifically denied, and strict proof is demanded, that any of the Answering Defendants conspired with one another, whether individually or under the color of state law, to deprive Plaintiff of his civil rights.

52. Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required. They are therefore denied. To the extent that these allegations are not conclusions of law, they are specifically denied, and strict proof

is demanded.

53.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.  To the extent that these allegations are not conclusions of law, they are specifically denied, and strict proof is demanded.

54.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required.  They are therefore denied.  To the extent that these allegations are not conclusions of law, they are specifically denied, and strict proof is demanded.

WHEREFORE, Answering Defendants deny any and all liability to the Plaintiff and demand judgment in their favor, together with costs and attorney's fees.

## AFFIRMATIVE DEFENSES ADDRESSED TO PLAINTIFF

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### THIRD AFFIRMATIVE DEFENSE

Any injuries or damages sustained by Plaintiff were a direct and proximate result of his own conduct.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by Plaintiff were a direct and proximate result of the conduct of third parties over which Answering Defendants had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by reason of the Plaintiff's contributory negligence.

### SIXTH AFFIRMATIVE DEFENSE

No act or failure to act on the part of any of the Answering Defendants violated any of Plaintiff's Constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of *res judicata* and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

At all times material hereto Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the State of New Jersey.

### NINTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous and/or malicious manner.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any act or omission by Answering Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations and the applicable State law.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are not recognizable claims under either Federal or New Jersey State law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity for all actions taken in connection with the incident set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

The actions and conduct of the Defendants, to the extent that it occurred as alleged, were objectively reasonable under the circumstances of which Defendants were then and there aware and they therefore enjoy qualified immunity from liability for those actions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a sufficient cause of action for a violation of his Federal or State law rights against Answering Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, as timely notice was not received as required under the Tort Claims Act.  N.J.S.A. 59:8.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Neither are the public entity nor the employees thereof are liable for the exercise of discretionary authority.  N.J.S.A. 59:2-3

### EIGHTEENTH AFFIRMATIVE DEFENSE

Neither the public entity nor the employees thereof are liable based on the immunity provided under the New Jersey Tort Claims Act.   N.J.S.A. 59:1-1, *et seq.*

### NINETEENTH AFFIRMATIVE DEFENSE

All claims against Defendant Earl in his official capacity must be dismissed as being redundant to the claims against Defendant Gloucester Township.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a sufficient cause of action against Gloucester Township and/or the Gloucester Township Police Department for a violation of his civil rights under federal or New Jersey law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Gloucester Township Police Department is not a "person" within the meaning of the Civil Rights statute, 42 U.S.C. §1983 or New Jersey law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants assert all defenses and immunities available to them under state and federal law.

WHEREFORE, Answering Defendants deny the allegations of the Complaint and demand judgment in their favor together with costs and attorney's fees.

                WILLIAM J. FERREN & ASSOCIATES

                BY:   /s/ Paola Tripodi Kaczynski, Esquire
                        Paola Tripodi Kaczynski, Esquire
                        Attorney for Defendants

Date:  October 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY

| | |
|---|---|
| DAVID STETSER | :No: 10-03094 |
| | : |
| v. | |
| | |
| SHERRY JINKS, Ind. and in her official capacity as a Police Officer for the Gloucester Township Police Department, GLOUCESTER TOWNSHIP, W. HARRY EARL, Chief of Police of Gloucester Township, Ind. and in his capacity as Chief of Police of Gloucester Township and CAMDEN COUNTY JOHN DOES 1-10 | :**CERTIFICATE OF SERVICE**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

I, Paola Tripodi Kaczynski, Esquire do hereby certify that a true and correct copy of the within Answer with Affirmative Defenses of Defendants was electronically filed with the Court and copies were sent to Plaintiff's counsel via e-mail and/or United States mail, postage pre-paid on October 22, 2010.

　　　　　　　　　　　　　　　　　　WILLIAM J. FERREN & ASSOCIATES

　　　　　　　　　　　BY:　/s/ Paola Tripodi Kaczynski, Esquire
　　　　　　　　　　　　　　Paola Tripodi Kaczynski, Esquire
　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　1500 Market Street - Suite 2920
　　　　　　　　　　　　　　Philadelphia, PA  19102
　　　　　　　　　　　　　　267-675-3009