NOT FOR PUBLICATION [Dkt. 45]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID STETSER,<br><br>    Plaintiff,<br><br>              v.<br><br>SHERRY JINKS,<br><br>    Defendant. | Civil No. 10-3094 (RMB/JS)<br><br>**OPINION** |

Appearances:

Matthew Benjamin Weisberg
Prochniak Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070
    Attorneys for Plaintiff

Paola F. Kacyznski
William J. Ferren & Associates
1500 Market Street, Suite 2920
Philadelphia, PA 19102
    Attorneys for Defendant

**Bumb**, UNITED STATES DISTRICT JUDGE:

    Defendant Sherry Jinks ("Defendant") has filed a motion for summary judgment. [Docket No. 45]. For the reasons that follow, Defendant's motion is granted.

I.  Background

    Plaintiff David Stetser ("Plaintiff") was married to Jacqueline Stetser ("Ms. Stetser") from 1994 until their divorce in 2007. [Docket No. 46 at Exhibit A, Transcript of Deposition

of David Stetser ("Stetser Tr.") at 6-8]. Following their divorce, on April 24, 2008, Ms. Stetser filed for a Temporary Restraining Order against the Plaintiff. (Stetser Tr. at 12). On April 28, 2008, a Final Restraining Order ("FRO") was entered against Plaintiff. [Docket No. 46 at Ex. B]. Pursuant to the terms of the FRO, Plaintiff was barred from having any contact—including any oral, written, personal, and electronic contact—with Ms. Stetser. (Id.).

On August 21, 2008, Ms. Stetser lodged a complaint against Plaintiff with the Gloucester Township Police Department, claiming that he had violated the FRO by texting a picture to her cell phone of a woman performing fellatio on a man. [Docket No. 46 at Ex. C, Transcript of Deposition Sherry Jinks ("Jinks Tr.") at 10-11]. In support of that claim, Ms. Stetser signed a statement certifying that: (1) she received the lewd picture described above through a text message on her cell phone; and (2) the picture came from a telephone number Ms. Stetser recognized as belonging to Plaintiff. [Docket No. 45 at Exhibit D ("Ex. D")]. Notably, it is undisputed that the number from which Ms. Stetser received the picture at one point belonged to Plaintiff. (Stetser Tr. at 34).

The Defendant, a Gloucester Township Police Officer, fielded Ms. Stetser's complaint. Defendant was independently aware of previous difficulties between Plaintiff and Ms. Stetser

and had personally witnessed disputes between the two. (Stetser Tr. at 50-51; Jinks Tr. at 17).

Based on Ms. Stetser's certification and Defendant's independent personal knowledge of Plaintiff and Ms. Stetser's acrimonious history, the Defendant filed a criminal complaint against Plaintiff, and Plaintiff was arrested. (Stetser Tr. at 22.) Plaintiff was held for several hours in a cell before posting bail. (Stetser Tr. at 27-30.). The matter eventually proceeded to trial, at which point the charge against Plaintiff was dismissed. (Stetser Tr. at 39-41). According to the Plaintiff, the dismissal was predicated on his successfully adducing evidence that he had changed his number following the divorce and, therefore, the picture could not have been sent by him. (Stetser Tr. at 39).

Plaintiff subsequently brought this action against a number of defendants, including the Defendant Jinks. The only remaining claim, however, is a claim for malicious prosecution against the Defendant pursuant to 42 U.S.C. § 1983. See [Docket No. 31, Amended Complaint (the "Amended Complaint")].

II. Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp v. Cartrett, 477 U.S. 317, 323 (1986). To avoid summary

judgment, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating the evidence, the Court must view the inferences to be drawn in the light most favorable to the nonmoving party. Curley v. Klem, 298 F. 3d 271, 276-77 (3d Cir. 2002).

III. Discussion

To prevail on a Section 1983 claim for malicious prosecution, a plaintiff must demonstrate that:

(1) the defendant initiated a criminal proceeding;

(2) the criminal proceeding ended in plaintiff's favor;

(3) the proceeding was initiated without probable cause;

(4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Defendant argues that summary judgment is appropriate because there was probable cause to initiate the criminal proceeding at issue and on a number of other grounds. Because this Court

agrees that summary judgment is appropriate based on the presence of probable cause, it does not address these other grounds.

At the summary judgment stage, as here, a district court may find that probable cause exists as a matter of law where no predicate facts are in dispute. Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d. Cir. 1997); Woodyard v. County of Essex, No. 12-2945, 2013 WL 791634, at *4 (3d Cir. Mar. 5, 2013)(finding that probable cause was present as a matter of law); Burgos-Cintron v. Nyekan, No. 11-3674, 2013 WL 139593, at *3 (3d Cir. Jan. 11, 2013)(same); Finigan v. Marshall, 574 F.3d 57, 60 n. 2 (2d Cir. 2009)("The existence of probable cause . . . may be determined as a matter of law to the extent that the issues may be resolved on undisputed facts establishing the pertinent events and the knowledge of the officer at the time of the arrest."); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995)("Both probable cause and qualified immunity are ultimately questions of law.  The jury's role is limited to settling disputes as to predicate facts.")(citations omitted); Vasquez v. City of Jersey City, No. 03-CV-5369, 2006 WL 1098171, at *5 (D.N.J. Mar. 31, 2006)("If no facts are in dispute, the existence of probable cause can be determined by the trial judge as a matter of law.").

In determining whether probable cause existed at the time of the arrest, the "arresting officer's state of mind" and the charges "actually invoked by the arresting officer" are irrelevant. Devenpeck v. Alford, 543 U.S. 146, 153 (2004); Jaegly v. Couch, 459 F.3d 149, 154 (2d Cir. 2006). Courts must instead objectively assess whether, at the time of the arrest and based on the facts known to the officer, probable cause existed "as to any offense that could be charged under the circumstances." Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." United States v. McGlory, 968 F.2d 309, 342 (3d Cir. 1992).

"The probable cause inquiry . . . does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." Wright, 409 F.3d at 603. And, once a police officer has determined that probable cause exists, he has no duty to further investigate. Merkle v. Upper Dublin School Dist., 211 F.3d 782, 790 n.8 (3d Cir. 2000)("Hahn was not required to undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed."); Davis v. Malitzki, 451 F.

App'x 228, 233 (3d Cir. 2011)(citing to Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003)(holding that there is no "duty on the arresting officer to investigate ") and Gramenos v. Jewel Cos. Inc., 797 F.2d 432, 440 (7th Cir. 1986)("The Court has never suggested that the police, with [incriminating] information in hand, must conduct a further investigation or put contradictory evidence into the affidavit."))[1].

Under the facts presented, which are undisputed, this Court concludes, as a matter of law, that there was probable cause to arrest Plaintiff. Ms. Stetser's certification and the Defendant's own personal knowledge of the contentious relationship between Ms. Stetser were sufficient to support a reasonable belief that a crime had been committed – namely, the violation of the FRO.[2] Most significantly, while Plaintiff apparently adduced evidence at trial that he did not send Ms. Stetser the lewd photograph at issue, at the time Defendant screened Ms. Stetser's complaint, the notion that someone other than Plaintiff could have sent the text message would have been

---

[1] See also Cameron v. Craig, 713 F.3d 1012, 1019 (9th Cir. 2013)("Once probable cause is established, 'an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused.'"); Frodge v. City of Newport, 501 F. App'x 519, 527 (6th Cir. 2012)(same); Garner v. Salluom, 52 F. App'x 299, 301 (7th Cir. 2002)("An officer may rely on information provided by a credible witness, and once an officer believes that probable cause exists, he is under no constitutional duty to further investigate the matter to determine if the individual's claim of innocence is correct.").

[2] Plaintiff does not dispute that violation of the FRO would constitute a crime.

seemed implausible; it would mean that someone, with the <u>same</u> number that Plaintiff undisputedly had, randomly sent a lewd photograph to the Plaintiff's former wife.  It was also significant that Ms. Stetser's complaint was filed the year following her divorce – a time when her information as to Plaintiff's phone number was unlikely to be stale.  Despite this, Plaintiff makes three arguments against a finding of probable cause.

First, Plaintiff argues that the Defendant lacked probable cause because she ignored exculpatory evidence concerning the contentious relationship between Ms. Stetser and the Plaintiff. (Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Brief in Opposition") at 9-10). But Plaintiff does not explain how knowledge of the Stetsers' acrimony is exculpatory.  And, to the extent that that evidence could support an inference that Ms. Stetser would be motivated to fraudulently file a complaint against Plaintiff, it would <u>equally</u> objectively support an inference that Plaintiff would be motivated to harass Ms. Stetser.

Second, Plaintiff argues that the Defendant failed to appropriately investigate Ms. Stetser's claims.  (Brief in Opposition at 5).  However, as discussed above, police officers have no duty to further investigate once they determine that probable cause has been established, as it had been here.

Third, Plaintiff argues that Defendant lacked probable cause to arrest Plaintiff because she did not subjectively believe that the Plaintiff committed the crime. (Brief in Opposition at 7). But, as discussed above, Defendant's state of mind is entirely irrelevant because the probable cause inquiry is based on an <u>objective</u> analysis.

IV.   <u>Conclusion</u>

Because Defendant had probable cause to initiate the criminal proceeding at issue, Plaintiff's malicious prosecution claim fails and Defendant's Motion for Summary Judgment is GRANTED.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Date: <u>July 19, 2013</u>