IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID STETSER,<br><br>    Plaintiff,<br><br>            v.<br><br>SHERRY JINKS,<br><br>    Defendant. | Civil No. 10-3094 (RMB/JS)<br><br>**MEMORANDUM ORDER** |

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration of this Court's Order granting Defendant's Motion for Summary Judgment. For the reasons set forth below, the Motion is DENIED.

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Agostino v. Quest Diagnostics Inc., Civ. No. 04-4362, 2010 WL 5392688 at *5 (D.N.J. Dec. 22, 2010) (citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); Bowers, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 WL 5392688 at *5.

Plaintiff's Motion merely reargues the same arguments he previously raised. Indeed, Plaintiff concedes that the Court used the proper standard, but misapplied the facts to it. Plaintiff disagrees with the Court's finding that defendant Jinks had probable cause based on the facts known to her. A

motion for reconsideration, however, is not to repeat arguments this Court considered, but rejected.  In short, Plaintiff's mere disagreement with this Court's finding is not a basis for reconsideration.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> United States District Judge

Date: October 3, 2013